IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-133-FL

| MASON WHITE HYDE-EL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| NC CHILD SUPPORT CENTRALIZED COLLECTIONS, ET AL., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the court for review of plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert T. Numbers, II entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), wherein it is recommended plaintiff's complaint be dismissed (DE 4). Plaintiff filed objections to the M&R. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the magistrate judge recommends dismissal because defendant is immune from suit for damages under the Eleventh Amendment. Plaintiff urges fault with the magistrate judge's analysis.

Plaintiff argues that defendant "has waived its Right to Immunity." (Obj. at 1). The court disagrees. Plaintiff suggests his argument is premised on the principle that "a State can waive [its] immunity and allow itself to face suit." Global Innovative Concepts, LLC v. Fla. Div. Emergency Mgmt., 105 F.4th 139, 143 (4th Cir. 2024). However, "to waive its sovereign immunity in federal court, a State 'must specify the State's intention to subject itself to suit in federal court' specifically—no 'general waiver' will suffice." Id. (emphasis in original) (quoting Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)). The court must find "a clear declaration by the State of its waiver . . . to be certain that the State in fact consents to suit." Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 680 (1999). Where the record is devoid of any declaration of defendant's "intention to subject itself to suit in federal court specifically," the court must conclude that defendant has not waived its immunity. See Global Innovative Concepts, 105 F.4th at 143.

Plaintiff next argues that denial by this court of the remedy he seeks is a violation of his due process rights. However, recognition of sovereign immunity does not violate due process. Daniels v. Williams, 720 F.2d 792, 798 (4th Cir. 1983). Due process does not guarantee a remedy but rather requires an "opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394 (1914).

2

Where plaintiff has not provided any reason that his contract claim cannot be heard in state court, dismissal of his claim without prejudice does not deny him the process due.

Finally, plaintiff argues the magistrate judge is not impartial because he is employed by the United States. This argument is inapposite. "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The critical question presented by this statute is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998). Considering all the circumstances of this case, including the magistrate judge's employment, there is no basis to "reasonably question his impartiality." See id.

The remainder of plaintiff's objections do not refute the conclusion that defendant is immune from suit. The court thus hereby adopts the recommendation of the magistrate judge as its own. Plaintiff's complaint must be dismissed due to defendant's immunity under the Eleventh Amendment.

## CONCLUSION

Based on the foregoing, the court overrules plaintiff's objections and ADOPTS the M&R (DE 4). Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of July, 2025.

LOUISE W. FLANAGAN
United States District Judge